**James E. LITTLE, Petitioner-Appellant,**

v.

**Hal HOPKINS, Warden, and Harold Williams, Unit Manager, Respondents-Appellees.**

No. 80–1318.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 19, 1980.

Decided Jan. 21, 1981.

James E. Little, Memphis, Tenn., William J. Dammarell, Cincinnati, Ohio, for petitioner-appellant.

W. J. Michael Cody, U. S. Atty., W. James Ellison, Asst. U. S. Atty., Memphis, Tenn., for respondents-appellees.

Before BROWN, KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court dismissing a petition for a writ of habeas corpus. Petitioner was a prisoner in the Federal Correctional Institution in Memphis, Tennessee. His petition sought review and revocation of a Bureau of Prisons disciplinary proceeding in which he was sanctioned for engaging in business activities in violation of BOP regulations and the return of some documents confiscated by the BOP. Petitioner sought habeas relief in spite of his failure to exhaust his administrative remedies, arguing that the imminency of his parole hearing excused his non-compliance with that prerequisite to habeas relief.

Petitioner was charged with the following prohibited acts: 701—"Unauthorized use of mail or telephone;" 702—"Unauthorized contacts with the public;" and 801—"Attempting to commit any of the above offenses . . . ." However, it was determined at the disciplinary hearing that petitioner was not guilty of acts 701 and 702, but was guilty of act 703 ("Correspondence or conduct with a visitor in violation of posted regulations") and 801. Petitioner claims that he had no notice of the charge of which he was found guilty, and that therefore he was denied his constitutional right to procedural due process.

The District Court dismissed the petition because petitioner failed to exhaust his available administrative remedies within the BOP. Petitioner contends here that he should not have been required to use administrative channels to clear his record of an improper charge because he could not have done so before his parole hearing. We disagree.

It is well established that federal prisoners complaining of events or condi-

tions relating to their custody must exhaust their administrative remedies before habeas relief may be granted. *See, e. g., Guida v. Nelson,* 603 F.2d 261, 262 (2nd Cir. 1979); *United States ex rel. Sanders v. Arnold,* 535 F.2d 848, 851 (3rd Cir. 1976); *Willis v. Ciccone,* 506 F.2d 1011, 1015 (8th Cir. 1974). There is no reason why petitioner should be excepted from that requirement.

Because of our decision on this issue, we need not discuss the other issues raised in this appeal. The judgment of the District Court is affirmed.