**Joel C. SCHOFS, Petitioner,**

v.

**WARDEN, FCI, LEXINGTON,
Respondent.**

**Civ. A. No. 79–167.**

United States District Court,
E. D. Kentucky.

Jan. 30, 1981.

Joel C. Schofs, pro se.

Patrick H. Molloy, U. S. Atty., Lexington, Ky., for respondent.

MEMORANDUM OPINION AND ORDER

SCOTT REED, District Judge.

On September 24, 1979, Joel C. Schofs filed a *pro se* petition for a writ of habeas corpus. The petitioner requested that this Court quash the detainer lodged against him by the State of Connecticut and dismiss the charges underlying that detainer.

On March 20, 1978, the petitioner wrote to the Clerk of the Superior Court, New Haven County, State of Connecticut (Clerk), and to the State's Attorney of that county (State's Attorney), requesting that he be tried as speedily as possible on any charges then pending against him. The petitioner was at that time incarcerated in the Albany County Jail in Albany, New York. On June 9, 1978, the petitioner again wrote to the Clerk and State's Attorney requesting a speedy trial. This letter was sent from the Metropolitan Correctional Center, New York, New York (MCC). These two letters generally requested a trial as expeditiously as possible. On September 20, 1978, the petitioner sent a more detailed letter to the Clerk, State's Attorney, et al. This letter referred specifically to the Interstate Agreement on Detainers (IAD) and the Speedy Trial Act.

On October 4, 1978, an Assistant State's Attorney in the Economic Crime Unit of the Office of the Chief State's Attorney of Connecticut (Economic Crime Unit) wrote the petitioner, Joel C. Schofs. That letter advised the petitioner that the Economic Crime Unit held two warrants for his arrest. One of these warrants was for New Haven County and the other was returnable to Fairfield County. Both of these warrants charged the petitioner with Larceny in the First Degree and Forgery in the Second Degree.

The letter further stated that petitioner's letter of September 20, 1978 was not sufficient, in the opinion of the Economic Crime Unit, to perfect a request for final disposition of an information or indictment. The letter stated the unit's position that a prisoner first must make a request for final disposition of the official having custody of

him, e. g. a Warden or Commissioner of Corrections. The custodial official must then execute a certificate stating the terms of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the state parole agency relating to the prisoner. This certificate then must be forwarded, with the prisoner's request for final disposition, to the appropriate prosecuting office and court. On August 22, 1979, the Economic Crime Unit sent a request for temporary custody of petitioner Schofs to W. H. Rauch, the then Warden of the Federal Correctional Institution in Lexington, Kentucky (FCI).

This Court generally has jurisdiction to consider petitions for habeas corpus. 28 U.S.C. Section 2241(a). One of the possible bases of this Court's power to grant a petition for a writ of habeas corpus is that the prisoner is in custody under or by color of the authority of the United States. 28 U.S.C. Section 2241(c)(1).

■ The petitioner is currently in the Federal Correctional Institution (FCI) at Lexington pursuant to a conviction on federal charges in the United States District Court for New Jersey at Trenton. This alone may be sufficient to allow this Court to consider initially any petition for a writ of habeas corpus. In this case, however, the petitioner is not attacking his federal conviction. Rather, the petitioner is asking for relief from the detainer and the underlying state charges. This Court need not decide whether there is jurisdiction here to consider petitioner's motion to quash a detainer based on state charges by virtue of the petitioner's status as a federal prisoner alone.

In this case, the Warden is presently giving effect to the detainer. Furthermore, the petitioner has alleged that he has waived parole three times so that this action would not become moot. *Motion by Petitioner for a Final Decision on Petition for a Writ of Habeas Corpus.* This assertion has not been contradicted. Further-

more, the IAD is not solely a state law, e. g. Conn.Gen.Stat. Section 54–186 et seq., but is also a federal statute, 18 U.S.C.App. Under these circumstances, the petitioner qualifies as a person in custody under or by color of the authority of the United States.

■ The Court first will consider the petitioner's motion to quash the detainer filed against him by the State of Connecticut. A petition for extraordinary relief such as a writ of habeas corpus normally must exhaust administrative remedies before seeking relief in federal court. See *Seepe v. Department of the Navy,* 518 F.2d 760 (6th Cir. 1975); *Grant v. Hogan,* 505 F.2d 1220 (3rd Cir. 1974). It is uncontested that petitioner has filed a Request for Administrative Remedy (BP–9) and a Regional Appeal (BP–10). The United States contends that the petitioner has not exhausted his administrative remedies because of his failure to file a Central Office Appeal (BP–11). See the United States' Response, *Exhibit A.* The petitioner, in his motion for summary judgment, alleges that he filed a Central Office Appeal on August 29, 1979. The petitioner further asserts that the response to his Regional Appeal was not filed in time, according to the time limits set by the policy statement of the prison. See Petitioner's *Motion for Summary Judgment, Exhibits A, B.* These allegations have not been contested. The petitioner has exhausted his administrative remedies.

■ The State of Connecticut, an intervening respondent in this action, has suggested that petitioner also must exhaust state judicial remedies. See the State of Connecticut's *Motion to Dismiss Petition for Writ of Habeas Corpus.* A petitioner for federal habeas corpus relief, alleging improper action by a state, generally must exhaust state judicial remedies. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

■ A detainer does not simply prevent the officials having custody of a prisoner from releasing him until the authorities requesting the detainer have had an opportu-

nity to try him. A detainer has other, serious consequences for the prisoner. It causes him anxiety and concern and may deprive him of participation in prison programs, inhibit rehabilitation and affect conditions of confinement and eligibility for parole. *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); *Trigg v. Moseley*, 433 F.2d 364 (10th Cir. 1970). In this case, according to the petitioner, the detainer, together with the pendency of this action, has caused him to serve an extra seventeen months on his federal sentence. See *Motion by Petitioner for a Final Decision on Petition for a Writ of Habeas Corpus.* Under these circumstances, this Court finds that the detainer has serious, present effects which allow consideration here of the merits of petitioner's motion to quash the detainer, without requiring the petitioner first to return to Connecticut to stand trial. Exhaustion of available state court remedies, not including a return for trial, is still required. See *Braden, supra.*

On June 20, 1980, this Court gave the petitioner ninety days in which to initiate proper proceedings in Connecticut. The Connecticut Clerk, on two occasions, then informed the petitioner that there were no then active, pending cases against him in the Superior Court of New Haven County. That Clerk also informed the petitioner that no action would be taken at present on his motion for the dismissal of all pending charges or warrants. See *Motion by Petitioner for a Final Decision on Petition for a Writ of Habeas Corpus, Exhibits I, III.* The petitioner has properly exhausted all the requisite avenues of state court action on his motion to quash the detainer.

█ This Court recognizes that, under the IAD, relief to a prisoner would be entered by the Court in which the charges are pending. 18 U.S.C.App. Section 2, Art. V(c). In a proper case, however, the federal court has jurisdiction to relieve a federal prisoner from the burden of a state detainer. *Campbell v. Commonwealth of Virginia*, 453 F.2d 1230 (10th Cir. 1972).

█ This Court will consider the merits of petitioner's motion to quash the detainer

on the basis of a denial of his right to a speedy trial. The IAD provides that:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint. 18 U.S.C.App. Section 2, Art. III(a).

By its letter of October 4, 1978, the Economic Crime Unit acknowledged receipt of the petitioner's letter of September 20, 1978, which specifically referred to the IAD and requested final disposition of all pending charges. The petitioner had not been tried as of August 22, 1979, when a request for temporary custody of the prisoner, in order to bring him to trial, was made by the Economic Crime Unit. The petitioner has argued that one of the dates of his letters to the Clerk and State's Attorney should be used as the beginning of the statutory 180 day period. *Petition for a Writ of Habeas Corpus*; 18 U.S.C.App. Section 2, Art. III(a). This Court need not decide whether one of these earlier dates, or September 26, 1978, the date of delivery of petitioner's third letter, should be used as the benchmark. The Court also need not consider whether a date later than August 22, 1979 should be used, e. g. September 6, 1979, the date on which the petition for a writ of habeas corpus was tendered. From October 4, 1978 to August 22, 1979 exceeds 180 days.

The issue before this Court now can be reduced, in part, to whether or not the petitioner's letter of September 20, 1978 satisfied the requirements of the IAD. The agreement, in terms, requires that the request for final disposition shall be given by

82

the prisoner to the officer having custody of him, that the officer shall forthwith notify the appropriate prosecuting officers and courts, and that a copy of the prisoner's request and a certificate shall accompany the notification. The certificate shall state the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner. 18 U.S.C.App. Section 2, Art. III(a), (b), (d). The terms of the IAD have not been literally met.

■ The IAD should be construed liberally to effectuate its purposes. 18 U.S.C.App. Section 2, Art. IX. Its purposes are to encourage the expeditious and orderly disposition of outstanding charges, to determine the proper status of detainers, and to establish cooperative procedures for the attainment of those goals. 18 U.S.C.App. Section 2, Art. I. The Court further notes that a primary purpose of the Agreement is to protect prisoners against whom detainers are outstanding. *Cuyler v. Adams*, —— U.S. ——, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981).

The petitioner requested, and was denied, through no fault of his own, the forms necessary to initiate a request for final disposition pursuant to the IAD. See *Magistrate's Report and Recommendation*. He then wrote several letters to the Clerk and State's Attorney requesting a final disposition of the charges against him. In view of the purposes of the IAD, and the circumstances here, the petitioner's letter of September 20, 1978 to the Clerk, State's Attorney, et al. satisfies the requirements of the IAD. The detainer will be quashed.

■ The petitioner also has asked this Court to dismiss the state charges underlying the detainer. The petitioner must exhaust state judicial remedies before a federal court will consider a request for habeas corpus relief. *Braden, supra.* The special circumstances which allowed this Court to consider the merits of petitioner's motion to

quash the detainer are absent here. The merits of petitioner's motion to dismiss the underlying state charges should be determined by the state court, at least initially, when made as a defense to a charge before that court. *Braden, supra; Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). Great and immediate irreparable injury is required to justify federal interference with state criminal prosecutions. The cost, anxiety, and inconvenience of having to defend against a single criminal prosecution does not satisfy this requirement. *Younger v. Harris*, 401 U.S. 37 at 46, 91 S.Ct. 746 at 751, 27 L.Ed.2d 669. The petitioner has not properly exhausted his state judicial remedies as to the state charges underlying the detainer. This Court, at present, will not consider the merits of petitioner's claim concerning those charges.

The petitioner's request for final disposition is deemed a waiver of extradition with respect to the outstanding Connecticut charges and a consent to the production of his body in any court where his presence may be required in order to effectuate the purposes of the IAD. 18 U.S.C.App. Section 2, art. III(e). The waiver and consent now are ineffectual.

■ There is presently pending a request for temporary custody of the petitioner. See *Motion by Petitioner for a Final Decision on Petition for a Writ of Habeas Corpus, Exhibit V*; 18 U.S.C.App. Section 2, Art. IV. A lawful detainer must be lodged against a prisoner before a request for temporary custody may be made. 18 U.S.C.App. Section 2, Art. IV(a). This request cannot now be given effect.

On December 12, 1979, the Magistrate filed a Report and Recommendation. The intervening respondent timely filed written objections to the report. The petitioner tendered his objections to the report and a reply to the intervening respondent's objections to it. On June 20, 1980, this Court, by implication, allowed the consideration of the petitioner's objections. This Court also, in essence, adopted the report of the Magistrate, which recommended that the action

be continued for ninety days in order to give the petitioner an opportunity to initiate proper proceedings in the courts of the State of Connecticut or in the United States District Court for the District of Connecticut. In view of the response of the Connecticut Clerk, this Court is required to reconsider its adoption of the Magistrate's Report and Recommendation. See *Motion by Petitioner for a Final Decision on Petition for a Writ of Habeas Corpus, Exhibits I, III.* The Court now has decided to modify the Report and Recommendation. 28 U.S.C. Section 636(b)(1).

IT IS THEREFORE ORDERED:

(1) That the motion of petitioner, Joel C. Schofs, to quash the detainer lodged against him by the State of Connecticut, intervening respondent, is hereby GRANTED;

(2) That the motion of petitioner, Joel C. Schofs, to dismiss the charges against him, which are the subject of the detainer, by the State of Connecticut, intervening respondent, is hereby DENIED;

(3) That the respondent, Ogis Fields, Warden, FCI, Lexington, shall report to this Court within five days of the date of this order whether the petitioner, Joel C. Schofs, is currently being held for any other reason than by operation of the now quashed detainer;

(4) That the petitioner's waiver of extradition and consent to production are hereby cancelled, set aside, and held for naught;

(5) That the request for temporary custody of the petitioner is hereby cancelled, set aside, and held for naught;

(6) That the Report and Recommendation of the United States Magistrate for the Eastern District of Kentucky is hereby modified.