828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John L. SMITH, Plaintiff-Appellant,
v.
Edwin MEESE, et al., Defendants-Appellees.
 No. 87-5218
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 
 ORDER
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 
 
 1
 This pro se plaintiff appeals from the district court's judgment dismissing his civil rights action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and briefs submitted by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff sought millions of dollars in damages, declaratory, and injunctive relief from the defendants. He alleged generally that his civil and constitutional rights were violated when he was arrested without a proper warrant for a parole violation, that he was discriminated against because he was black, and that there was a conspiracy against him. He further complained that his prison time was not computed properly and that he was wrongfully deprived of good time credits. The defendants are the Attorney General of the United States, the Director of the United States Bureau of Prisons, the Warden of FCI Memphis, two federal parole officers for the Western District of Tennessee, and unnamed United States marshals.
 
 
 3
 Upon review, we conclude that the district court did not err in dismissing the complaint as frivolous under 28 U.S.C. Sec. 1915(d). The standard for determining whether a complaint should be dismissed as frivolous pursuant to that statute is the same as that used to evaluate the merits of a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983). Specifically, a district court may properly dismiss an action filed in forma pauperis for frivolousness only if it concludes that the factual allegations contained in the complaint, even if taken as true, are such that the plaintiff would not be entitled to relief. Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985), cert. denied, 106 S.Ct. 788 (1986).
 
 
 4
 Plaintiff's general allegations that his civil and constitutional rights were violated when he was arrested fail to state a claim upon which relief could be granted. A complaint alleging constitutional violations, even when liberally construed, cannot be supported by mere conclusory allegations. Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986). In this case, plaintiff simply does not state any facts to support his conclusions that he was discriminated against because he was black, and that there was a conspiracy against him.
 
 
 5
 Nor did plaintiff state a claim for a substantive due process violation premised on his alleged false arrest. An arrest is a violation of the fourth amendment of the Constitution if there is no probable cause to support it. Dugan v. Brooks, No. 86-3063 (6th Cir. May 6, 1987). Plaintiff alleged that he was arrested 'without a proper warrant.' However, documents attached to his complaint establish that there was probable cause to arrest him. Specifically, the warrant application states that plaintiff left his parole district in Tennessee without permission. He was arrested in Arkansas and charged with breaking and entering and theft. Probation Officer Wells interviewed plaintiff after he was released on his own recognizance on the Arkansas felony charges. He denied breaking into anything, but admitted that he was with others who took bicycles from a truck. He admitted leaving Tennessee without permission. As a result he failed to show that there was no probable cause to arrest him.
 
 
 6
 Finally, plaintiff failed to state a claim for relief by alleging that his prison time was not computed properly and that he was wrongfully deprived of good time credits. The exclusive remedy for a prisoner seeking restoration of good time credits is a habeas corpus action because good time credits would affect the length of plaintiff's incarceration. Preiser v. Rodriguez, 411 U.S. 475 (1973). See also Wolff v. McDonnell, 418 U.S. 539, 553-55 (1974). Federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted. Little v. Hopkins, 638 F.2d 953 (6th Cir. 1981) (per curiam). Thus, plaintiff must pursue his administrative remedies before he can seek the relief sought in this suit.
 
 
 7
 Accordingly, the district court's judgment entered February 9, 1987, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.