830 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leslie Z. WILSON, Petitioner-Appellant,
v.
Robert L. MATTHEWS, Warden, et al., Respondents-Appellees.
 No. 87-5671
 United States Court of Appeals, Sixth Circuit.
 September 29, 1987.
 
 ORDER
 Before KRUPANSKY, Circuit Judge, JOHN W. PECK and BAILEY BROWN, Senior Circuit Judges.
 
 
 1
 The petitioner moves for counsel on appeal from the district court's order denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the petitioner's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The petitioner is serving a sentence at the federal prison in Lexington, Kentucky. He alleges that he is receiving inadequate medical care for his heart condition amounting to cruel and unusual punishment under the eighth amendment. Therefore, he requests immediate release from custody.
 
 
 3
 The petition was referred to a magistrate, who concluded that petitioner had failed to exhaust his administrative remedies. The petitioner objected to the report, and accompanying his objections was a copy of the BP-9 form on which the petitioner had filed his complaint with the prison. Nevertheless, the district court held that petitioner had not taken any steps to exhaust his administrative remedies. So the court denied the petition.
 
 
 4
 The general rule is that federal prisoners must exhaust their administrative remedies before seeking habeas corpus relief. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam). In order to exhaust his remedies, a prisoner must not only file a complaint with the prison officials, but he must also appeal to the Regional Director and to General Counsel if he is dissatisfied with the prison's response. 28 C.F.R. Sec. 542.15. Even though the petitioner did file an initial complaint in this case, he did not exhaust these additional steps available to him as his administrative remedy. Therefore, the district court's holding that the petitioner failed to exhaust his administrative remedies can be affirmed.
 
 
 5
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.