863 F.2d 47
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Deborah BELL, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION; L.E. Dubois, Warden,
FCI-Lexington, Respondents-Appellees.
 No. 88-5438.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1988.
 
 Before LIVELY and DAVID A. NELSON, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's denial of her petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bell was convicted by a jury of a wire fraud scheme to defraud an Illinois bank of over five million dollars. She was sentenced to two years imprisonment, five years probation, and was ordered to make restitution in the amount of five million dollars. Upon arrival at the prison, petitioner was classified as a Central Inmate Monitoring case with a Sophisticated Criminal Activity, White Collar assignment. It is that security classification that petitioner sought to challenge in her habeas petition. The case was referred to a magistrate who recommended that the petition be dismissed for failure to exhaust administrative remedies. The district court adopted the magistrate's recommendation over petitioner's timely objections.
 
 
 3
 Upon review, we affirm the district court's judgment. Petitioner did not exhaust her administrative remedies because she failed to pursue her appeal to the General Counsel as required by 28 C.F.R. Sec. 542.15. Although the time period has expired for the filing of an appeal with the General Counsel, it would not be futile for the petitioner to pursue this remedy because 28 C.F.R. Sec. 542.15 authorizes the General Counsel to extend the appeals period for a valid reason. A review of the record indicates that petitioner may have a valid reason for seeking an extension, as it appears she gave her appeal papers to prison officials seven days before the appeals period expired. Hence, had the papers been forwarded properly to the Regional Director, her appeal would not have been late. Cf. Houston v. Lack, 108 S.Ct. 2379 (1988). Therefore, petitioner must pursue that remedy before seeking relief in the federal courts. See Guida v. Nelson, 603 F.2d 261, 262 (2d Cir.1979); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.