872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ashley Alfred COWARD, Plaintiff-Appellant,
v.
STATE OF OHIO, Defendant,
Michael RICH, Mahoning County Sheriff's Department, Edward
Nemeth, United States Marshal Service, Mel
McDowell, Defendants-Appellees.
 No. 88-3831.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Ashley Coward appeals the district court's judgment dismissing his civil action seeking damages, habeas, and declaratory relief filed under 28 U.S.C. Secs. 1331, 1343 and 2255. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Coward filed a complaint against Federal and Ohio state officials for damages. Thereafter, he sought relief under 28 U.S.C. Sec. 2255 solely against the state officials and moved to dismiss the federal defendants from the action. In both his complaint and Sec. 2255 motion, Coward challenged the validity of his state court conviction underlying the revocation of his federal parole and "street time" credit. The district court dismissed the action for lack of jurisdiction.
 
 
 3
 Upon consideration, we conclude that Coward abandoned his initial complaint and sought to proceed under Sec. 2255 solely against the Ohio state defendants. As such, the action was properly dismissed for failure to state a claim for relief. Coward can only challenge the validity of his state conviction by filing an action under 28 U.S.C. Sec. 2254 following the exhaustion of state court remedies. See Rose v. Lundy, 455 U.S. 509 (1982). To the extent he challenged the parole board's decisions, such a challenge can only be brought under 28 U.S.C. Sec. 2241 for habeas relief following exhaustion of his administrative remedies. See Little v. Hopkins, 638 F.2d 953 (6th Cir.1981) (per curiam).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.