918 F.2d 179
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hernando RUEDA-GOMEZ, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 89-2357.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Hernando Rueda-Gomez is a pro se federal prisoner who appeals the denial of a petition for a writ of habeas corpus that he had filed under 28 U.S.C. Sec. 2241. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1983, an indictment was issued which charged Rueda-Gomez with one count of conspiracy to possess with the intent to distribute cocaine and with one count of actual possession with the intent to distribute cocaine. A jury convicted Rueda-Gomez on both counts, and he was sentenced to imprisonment for 25 years.
 
 
 3
 In his petition, Rueda-Gomez argued that the Parole Commission had miscalculated his parole eligibility date because it had based its determination in part on a quantity of cocaine that was seized from a co-conspirator before Rueda-Gomez became involved with the conspiracy. On November 21, 1989, the district court entered a memorandum opinion and judgment that denied the petition. It is from this judgment that Rueda-Gomez now appeals.
 
 
 4
 Judicial review of a decision by the Parole Commission is limited to a determination of whether there is a rational basis for the Commission's conclusions. Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). The court does not have jurisdiction to review the Commission's credibility determinations or findings of fact. See Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). In addition, a federal prisoner must exhaust his administrative remedies before seeking judicial review of the Commission's ruling. Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1984).
 
 
 5
 Upon review, we conclude that the denial of the petition in this case was appropriate for the reasons stated in the district court's carefully reasoned memorandum opinion. We also find that Rueda-Gomez's conviction under count 1 of the indictment provides a rational basis for the Commission's decision because it indicates that he was involved in the conspiracy when the disputed quantity of drugs was seized from his co-conspirator. Cf. Augustine v. Brewer, 821 F.2d 365, 370 (7th Cir.1987). In addition, the record does not show that Rueda-Gomez has exhausted his current argument by presenting it to the National Appeals Board.
 
 
 6
 Accordingly, it is hereby ORDERED that the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.