935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman K. SCOTT, Petitioner-Appellant,
v.
U.S. ATTORNEY GENERAL, Respondent-Appellee.
 No. 91-1109.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1991.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Norman K. Scott, a pro se federal prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On June 27, 1977, Scott was sentenced to ten years imprisonment for bank robbery. He then received a life sentence for murder on October 20, 1980; he later received a consecutive ten year sentence for assault. The 1980 murder conviction is the conviction currently controlling for purposes of parole eligibility. Scott filed this habeas petition alleging that he has been denied a parole hearing. The magistrate recommended that the petition be dismissed, finding that Scott had not exhausted administrative remedies. The district court adopted the magistrate's recommendation after reviewing Scott's objections.
 
 
 3
 Upon review, we affirm the district court's dismissal of the petition. Scott alleged that he has been denied a parole hearing since May 1987. Respondent alleged that Scott has not applied for parole as required by 28 C.F.R. Sec. 2.11(a). A review of the record indicates that Scott has not yet submitted the appropriate application for parole. Scott requested and received an initial parole hearing in 1979 for the 1977 bank robbery conviction. Scott has not, however, applied for parole on the 1980 murder conviction which is the conviction currently controlling for parole eligibility purposes. Consequently, Scott has failed to exhaust his administrative remedies. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.