955 F.2d 44
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William M. METCALFE, Jr., Petitioner-Appellant,
v.
John GLUCH; Carrol M. Pavilack-Getty, Respondents-Appellees.
 No. 91-2065.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1992.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's judgment denying his application for a writ of habeas corpus filed under 28 U.S.C. § 2241. He has filed a motion to supplement the record. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1982, William M. Metcalfe, Jr., was convicted of bank robbery and sentenced to serve fifteen years imprisonment. In May 1990, in anticipation of his release on parole on July 5, 1990, he was transferred to a community treatment center in Chicago. On June 5, 1990, community center staff reported Metcalfe as missing. Although he allegedly called in his absence the next morning, he was cited for escape. On July 2, 1990, Metcalfe was arrested in Chicago; on August 1, 1990, he was returned to federal prison in Milan, Michigan.
 
 
 3
 In his petition for a writ of habeas corpus, Metcalfe maintained that he was unlawfully denied release on parole in July 1990. He further maintained that he was denied his constitutional right to due process before the Parole Commission.
 
 
 4
 The district court determined that Metcalfe had not exhausted administrative remedies. However, the district court further determined that, because the claims were meritless, review was authorized. The petition was dismissed.
 
 
 5
 Upon review, we conclude that the petition must be dismissed for failure to exhaust administrative remedies. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam). Metcalfe's argument that exhaustion is not required lacks merit because he did not demonstrate that exhaustion would be futile. See James v. United States Dep't of Health & Human Serv., 824 F.2d 1132, 1139 (D.C.Cir.1987).
 
 
 6
 Accordingly, all pending motions are denied. The district court's judgment denying the petition for a writ of habeas corpus is vacated and the matter remanded to the district court for entry of an order dismissing the petition for lack of exhaustion. Rule 9(b)(3), Rules of the Sixth Circuit.