959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rudolph POINDEXTER, Petitioner-Appellant,
v.
Joseph BOGAN, Respondent-Appellee.
 No. 91-2307.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Rudolph Poindexter appeals from the district court's order denying his petition for a writ of habeas corpus which he filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On September 10, 1991, the petitioner had allegedly signed out from the Monica House, a federal community treatment center (CTC) located in Detroit, Michigan, for a "social stop and job assignment." Approximately 20 minutes thereafter, Poindexter stopped at a friend's home and, at that time, Alcohol, Tobacco, and Firearms (ATF) agents raided the home and arrested Poindexter. The ATF agents called Monica House personnel, who told them that the petitioner was "not supposed to be out." Petitioner was temporarily placed in the Wayne County Jail, and was thereafter transported to the Federal Correctional Institution at Milan, Michigan (FCI), where petitioner is now in custody.
 
 
 3
 As the bases for his request for habeas relief, petitioner alleged: 1) the U.S. probation officer who ordered his detention at FCI had no authority to do so, because the petitioner was "in the custody of the United States Bureau of Prisons"; 2) he was denied due process by the Bureau of Prisons' and probation officers' failure to comply with the Bureau of Prisons Policy Statement § 5270.7, which directs correctional officers to write an incident report and deliver it to the offender within 24 hours after learning of a violation; 3) this failure to comply with the Bureau of Prisons policy denied him equal protection under the law; 4) Monica House was in violation of its own rules and policies for discipline and transfers; and 5) administrative remedies would not correct this denial of due process, as "the informal and formal resolution process takes up to 45 days, and by that time petitioner, will not only have to litigate against the Bureau of Prisons, but also the U.S. Parole Commission." The district court, after a thorough review of the facts, determined that the petitioner had failed to exhaust his administrative remedies and that, therefore, the court did not have jurisdiction to consider the application for habeas relief. The court then dismissed the petition by order filed October 21, 1991.
 
 
 4
 Upon review, we conclude that the district court did not err in denying the petition on the basis that Poindexter has failed to exhaust his administrative remedies. Notwithstanding his argument that his administrative remedy would be futile, Poindexter has not shown that these administrative procedures would be inadequate, should he attempt to utilize the remedy established by the Bureau of Prisons to appeal his transfer to FCI. Little v. Hopkins, 638 F.2d 953 (6th Cir.1981).
 
 
 5
 Accordingly, the district court's order dismissing the petition is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.