966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles W. CARTY, Petitioner-Appellant,
v.
John C. RUNDA, Chairman, Kentucky State Parole Board;
Attorney General of Kentucky, Respondents-Appellees.
 No. 92-5125.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1992.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr. Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 
 1
 Charles C. Carty appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. Carty requests the appointment of counsel and a transcript at government expense. He also has filed a motion for bail pending appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On August 28, 1987, the Kentucky Parole Board lodged a detainer against Carty for specific parole violations. Upon learning that Carty was incarcerated at the State Correctional Institution in Dallas, Pennsylvania, the Louisville, Kentucky, Probation and Parole Office sent a parole warrant to the Pennsylvania officials to be lodged as a detainer against Carty. It was agreed Carty would be returned to Kentucky upon completion of his Pennsylvania sentence.
 
 
 3
 In his habeas petition filed in the District Court for the Eastern District of Kentucky, Carty maintained that he is entitled to a parole revocation hearing before the Kentucky Parole Board prior to the expiration of his Pennsylvania sentence. The matter was referred to a magistrate judge who issued a report recommending that the petition be dismissed without prejudice to Carty's right to exhaust available state court remedies. Despite Carty's objections, the district court adopted the magistrate judge's report and recommendation and entered an order accordingly.
 
 
 4
 Upon review, we affirm the district court's order for the reasons stated by that court. A petitioner seeking extraordinary relief such as a writ of habeas corpus normally must exhaust his available remedies before filing suit in federal court. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). Carty's claim concerning the failure of the Kentucky Parole Board to hold a final revocation hearing pursuant to the parole violation warrant should initially be determined by the state court. See Schofs v. Warden, FCI, Lexington, 509 F.Supp. 78, 82 (E.D.Ky.1981). Kentucky provides a remedy for such claims via mandamus actions. See Ky.Rev.Stat. § 439.440; Allen v. Wingo, 472 S.W.2d 688 (Ky.1971) (mandamus is the proper remedy for abuse of authority by a parole board in connection with revocation of parole). In light of Carty's available state court remedy, and the adequacy of that remedy in providing the relief requested, exhaustion would not be futile. See, e.g., McKart v. United States, 395 U.S. 185, 200 (1969); Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982).
 
 
 5
 Accordingly, the request for counsel and for a transcript at government expense are denied, the motion for bail pending appeal is denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.