9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrez Lasean CLARK, Petitioner-Appellant,
v.
UNITED STATES ATTORNEY GENERAL; Berrien County, Michigan;
Federal Bureau of Prisons, Respondents-Appellees.
 No. 93-5605.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and HULL, District Judge.*
 ORDER
 This pro se federal prisoner appeals a district court order dismissing without prejudice his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 On November 25, 1991, Tyrez Clark was convicted of conspiracy to distribute cocaine, possession with intent to distribute, maintaining a drug house, and use of a firearm in commission of a felony. His conviction and sentence were affirmed on appeal. United States v. Clark, 982 F.2d 965 (6th Cir.1993). He is incarcerated at the Federal Correctional Institution at Ashland, Kentucky.
 On February 2, 1993, Clark filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Kentucky. Clark alleged that his incarceration is illegal because, although he was under the age of eighteen years at the time of his arrest in April 1991, he has been treated as an adult and is currently held in an adult facility. He alleged that he has been denied due process and procedures outlined in the Juvenile Delinquency Act, 18 U.S.C. Secs. 5033 and 5035. He further alleged that he had notified authorities of his juvenile status at every stage of the criminal proceedings, but that his "plea for justice fell on deaf ears." Clark stated that his birth date is July 13, 1973.
 
 
 1
 The matter was referred to a magistrate judge who determined that Clark failed to show that he had exhausted administrative remedies prior to filing his petition for habeas relief. The district court adopted the magistrate judge's recommendation over Clark's objections. The petition was dismissed without prejudice.
 
 
 2
 Upon review, we conclude that the petition was properly dismissed. A federal prisoner complaining of events or conditions relating to custody or confinement must exhaust his available administrative remedies before filing a Sec. 2241 habeas petition. Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). Clark's bare allegation that he notified all the authorities is insufficient to meet this requirement. Clark's argument that exhaustion is not required by statute is unavailing. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990).
 
 
 3
 Accordingly, the district court's order dismissing the petition without prejudice is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation