19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joromi BAZUAYE, Petitioner-Appellant,
v.
Joseph BOGAN, Respondent-Appellee.
 No. 93-2085.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1994.
 
 Before: NELSON and NORRIS, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his request for a preliminary injunction and dismissing his petition for a writ of a habeas corpus filed under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Joromi Bazuaye, a Nigerian citizen, filed an application for a writ of habeas corpus in which he challenged a detainer lodged by the Immigration and Naturalization Service (INS). The detainer served as notice to the respondent that the INS intended to investigate whether Bazuaye was subject to deportability. Bazuaye maintained that he was given a higher security classification on the basis of the detainer. He also sought a preliminary injunction to prevent the Bureau of Prisons from transferring him from the Milan, Michigan, Federal Correctional Institution to another facility, pending the outcome of the INS investigation.
 
 
 3
 Upon review, we conclude that the denial of the request for a preliminary injunction was not an abuse of the district court's discretion. See International Resources, Inc. v. New York Life Ins. Co., 950 F.2d 294, 302 (6th Cir.1991), cert. denied, 112 S.Ct. 2941 (1992). The district court properly considered the four criteria that must be weighed prior to ruling on a motion for preliminary injunctive relief: 1) whether the movant has shown a strong or substantial likelihood of success on the merits; 2) whether the movant has shown that irreparable injury will occur absent the injunction; 3) whether the preliminary injunction could harm third parties; and 4) whether the public interest would be served by issuing the preliminary injunction. See id. The four criteria are factors to be balanced, not prerequisites to be met. Id.
 
 
 4
 Bazuaye has not shown a strong probability of success on the merits of his challenge to the investigation into his status regarding deportability because the filing of the INS detainer does not place him in custody for purposes of Sec. 2241. See Prieto v. Gluch, 913 F.2d 1159, 1164 (6th Cir.1990), cert. denied, 498 U.S. 1092 (1991). Bazuaye has not shown that irreparable injury would occur if he were transferred to a new institution. Although he maintained that his ability to defend against deportation would be impaired, he has not shown that he would be unable to communicate with his attorney or that legal research materials would not be available if he were moved to another facility. Although it appears that no third parties would be harmed if the preliminary injunction were issued, neither does it appear that any public interest would be served.
 
 
 5
 Furthermore, the petition for a writ of habeas corpus was properly dismissed because Bazuaye did not demonstrate that he had exhausted administrative remedies prior to filing the petition. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). His conclusory allegation that the exhaustion requirement had been satisfied is not supported by the record. Although a decision from the Administrator of the National Inmate Appeals is included in Bazuaye's appellate brief, the July 12, 1993, decision was not part of the record in the district court and was, in fact, pending when the petition was filed on June 9, 1993.
 
 
 6
 Moreover, Bazuaye's claims are meritless. To state a claim for habeas relief, a petitioner must allege that the execution of his sentence violates the Constitution or a federal statute. 28 U.S.C. Sec. 2241(c). Neither his allegation that he was denied a minimum security classification nor his attempt to prevent a transfer presents a cognizable claim. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Newell v. Brown, 981 F.2d 880, 883 (6th Cir.1992), cert. denied, 114 S.Ct. 127 (1993).
 
 
 7
 Finally, no evidentiary hearing was required. The record conclusively shows that Bazuaye is not entitled to habeas relief.
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.