**Kendra WADE, Petitioner–Appellant,**

v.

**Edward PEREZ, Respondent–Appellee.**

**No. 00–6337.**

United States Court of Appeals, Sixth Circuit.

June 18, 2001.

Before BOYCE F. MARTIN, JR., Chief Judge; NELSON, Circuit Judge; RICE, District Judge.*

Kendra Wade appeals a district court order denying his motion to alter or amend the judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wade, a federal prisoner incarcerated at the Federal Correctional Institute in Ash-

---

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

land, Kentucky, filed a petition for a writ of habeas corpus to challenge the result of a disciplinary proceeding. In July 1998, Wade was charged with fighting another inmate. After hearing testimony from Wade and other witnesses, a disciplinary hearing officer ("DHO") found Wade guilty and imposed a sanction of thirty days of disciplinary segregation. Wade appealed to the Regional Director, who remanded the matter for a rehearing to include testimony from a witness Wade had requested. The DHO again found Wade guilty and imposed thirty days of disciplinary segregation. Wade unsuccessfully appealed this decision to the Regional Director, but did not timely appeal to the General Counsel. He filed his habeas petition in March 2000, alleging that the DHO's decision was not in accordance with the evidence. The district court dismissed the petition sua sponte and without prejudice, concluding that Wade did not exhaust his administrative appeals before filing his federal habeas petition. The court also denied Wade's motion to alter or amend the judgment.

In his timely appeal, Wade again argues that the DHO's decision was not in accordance with the evidence.

■ We review a judgment dismissing a 28 U.S.C. § 2241 petition de novo. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989).

■ Upon review, we conclude that the district court properly dismissed Wade's petition. A federal prisoner must first exhaust his available remedies before filing a 28 U.S.C. § 2241 petition for habeas corpus relief. *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir.1981) (per curiam). Federal prisoners who procedurally default on their administrative claims must demonstrate cause and prejudice for the omission. See *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir.1996); *Sanchez v. Miller*, 792 F.2d 694, 697–99 (7th Cir.1986). Under the Bureau of Pris-

on's Administrative Remedy Program, the first level of appeal from a DHO decision is an appeal to the Regional Director. 28 C.F.R. § 542.14(d)(2). To appeal from a decision of the Regional Director, an inmate must appeal to the General Counsel within thirty calendar days of the date the Regional Director signed the response, absent a valid reason for delay. 28 C.F.R. § 542.15(a). Wade appealed his disciplinary conviction to the Regional Director on November 3, 1998, who denied it on December 16, 1998. The next entry in Wade's administrative appeal record is dated January 11, 2000. Thus, he did not exhaust his administrative remedies by timely appealing the Regional Director's decision.

We further conclude that Wade failed to demonstrate cause for his procedural default. In the district court, Wade argued that he did not receive the report from the second DHO hearing. The record refutes this claim. Wade's November 3, 1998, appeal to the Regional Director referred to "the attached DHO Report" and took issue with specific findings by the DHO. Wade was not prevented from filing that appeal, and the Regional Director's decision informed Wade of the need to appeal to the General Counsel within thirty days. Because Wade did not establish cause for failing to exhaust his administrative appeal, the district court properly dismissed the 28 U.S.C. § 2241 petition without reviewing the merits. See *Moscato*, 98 F.3d at 760.

■ Even if Wade had established cause for failing to exhaust his administrative appeal, he was not prejudiced because his underlying claim does not entitle him to relief. At the disciplinary hearing, Wade admitted to being in a scuffle but claimed he acted only in self-defense. One inmate corroborated Wade's account, and two others testified that they saw Wade

wrestling with the other prisoner. The DHO weighed the evidence, found that Wade instigated the incident, and judged him guilty of fighting. The DHO's decision is supported by "some evidence" in the record, so Wade's claim fails on the merits. See *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.