Charles **TUNGATE**, Plaintiff–Appellant,

v.

Maryellen **THOMS**; Federal Medical Center, Lexington; Federal Bureau of Prisons, Mid–Atlantic Regional Office; Margaret C. Hambrick; Federal Bureau of Prisons, National Office; Harrell Watts; Federal Bureau of Prisons; Kathleen Hawk Sawyer, Individually and Officially; State of Indiana; City of Greensburg; Decatur County, Indiana; William Smith; William O. Smith; William O. Smith, Officially Defendants–Appellees.

No. 02–5285.

United States Court of Appeals, Sixth Circuit.

Sept. 5, 2002.

---

Before KRUPANSKY and CLAY, Circuit Judges; GWIN, District Judge.[*]

Charles Tungate, a federal prisoner, appeals pro se the judgment for defendants in a civil rights action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive and monetary relief, Tungate filed a complaint on July 5, 2001, against a number of state and federal officials and entities. The complaint alleged that Tungate, while a federal prisoner, had a detainer lodged against him by the State of Indiana. He exercised his rights under the Interstate Agreement on Detainers (IAD), 18 U.S.C.App. 2, to have the state charges resolved. He was transferred to state custody and arraigned, but then returned to federal custody on July 7, 1999, without having received a trial on the state charge. Because Tungate had not waived

---

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

his right against being shuttled back and forth between federal and state custody, he believed that the detainer and the underlying indictment should be dismissed. Federal officials refused to dismiss the detainer, stating that only the demanding state could determine whether the indictment was still valid. Tungate was transferred to state custody a second time, at which point his trial was continued and he was again returned to federal custody. Tungate unsuccessfully sought dismissal of the indictment in state court on the ground of a violation of the IAD. Tungate alleged that the continued existence of the detainer was adversely affecting his custody level, program eligibility, and opportunities for early release. Accordingly, he sought monetary damages and an injunction ordering the dismissal of the indictment and detainer, as well as an injunction against the federal officials prohibiting them from following a policy of refusing to dismiss detainers in violation of the IAD until the demanding state dismissed the underlying indictment.

The district court initially reviewed the complaint and determined that all claims and parties should be dismissed with the exception of the claim for injunctive relief against the Director of the Bureau of Prisons and the state prosecutor, and a claim for damages against the state prosecutor in his individual capacity. These defendants then moved for summary judgment, pointing out that the state indictment had been dismissed on other grounds and the detainer finally removed on June 11, 2001, and raising other defenses. Tungate responded in opposition to both motions for summary judgment. The district court granted the motions, concluding that Tungate's claims for injunctive relief did not present a live case or controversy, as the detainer had been removed shortly before the filing of the complaint. Furthermore, it was concluded that the state prosecutor was absolutely immune from a claim for damages.

■ The Supreme Court has held that, under the IAD, a prisoner's return to the sending jurisdiction before dispostion of the charges against him in the receiving jurisdiction must result in dismissal of those charges. *Alabama v. Bozeman*, 533 U.S. 146, 153, 121 S.Ct. 2079, 150 L.Ed.2d 188 (2001). Furthermore, there is authority for ordering the sending jurisdiction to quash a detainer where the prisoner's rights under the IAD have been violated and the receiving jurisdiction has failed to act to dismiss the indictment. *Schofs v. Warden, FCI, Lexington*, 509 F.Supp. 78, 82 (E.D.Ky.1981). However, in this case, the indictment had been dismissed and the detainer removed a few weeks before the complaint was filed. Therefore, Tungate's request for injunctive relief did not present a live case or controversy at the time of filing, and his claim for injunctive relief was properly dismissed. *See Diaz v. Kinkela*, 253 F.3d 241, 243 (6th Cir.2001).

■ As to Tungate's claim for monetary relief, we conclude that the state prosecutor was appropriately granted summary judgment on the ground of absolute prosecutorial immunity. *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Although Tungate argues that the state prosecutor's request for a second transfer of Tungate was an administrative act, he cites no authority for this position. It appears that the prosecutor's actions in this case were purely prosecutorial decisions to initiate and pursue a prosecution. *See Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir.1993); *Bush v. Muncy*, 659 F.2d 402, 413–14 (4th Cir.1981). The summary judgment for the state prosecutor on the ground of absolute immunity will therefore be affirmed.

■ However, we also conclude that the district court erred in dismissing Tungate's claim for monetary relief against the

Director of the Bureau of Prisons for adopting a policy refusing to quash detainers where the IAD has been violated until the requesting state has dismissed the underlying indictment. The Supreme Court has recognized a cause of action for damages for a violation of civil rights based on a violation of the IAD. *Cuyler v. Adams,* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981). Therefore, to the extent that Tungate can prove damages from the existence of the detainer for two years following his return to federal custody without a trial, he should be permitted on remand to pursue a *Bivens* action against the Director of the Bureau of Prisons.

For the above reasons, the district court's judgment is affirmed in part and vacated and remanded in part. Rule 34(j)(2)(C), Rules of the Sixth Circuit.