Ricky Kevin SMITH,
Petitioner–Appellant,

v.

Ron G. THOMPSON, Warden, Et Al.,
Respondents–Appellees.

No. 91–1127
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1991.

Ricky Kevin Smith, pro se.

Matthew D. Orwig, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for respondents-appellees.

Before CLARK, Chief Judge,
HIGGINBOTHAM and BARKSDALE,
Circuit Judges.

CLARK, Chief Judge:

## I.

Ricky Smith appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for failure to exhaust his administrative remedies. We affirm.

## II.

On October 13, 1987, a federal grand jury returned a two-count indictment for forgery and obstructing the mail against Smith. Subsequently, on December 1, 1987, the government filed a one-count superseding information charging Smith with uttering and publishing as true a United States Treasury check for $406 bearing a falsely-made and forged endorsement, in violation of 18 U.S.C. § 495. Pursuant to a plea agreement, Smith pleaded guilty to the superseding information in exchange for dismissal of the two-count indictment. The district court sentenced Smith to a ten-year term of imprisonment and a $50 assessment. Smith did not file a direct appeal. This court subsequently affirmed the district court's denial of a habeas corpus petition filed by Smith. *United States v. Smith*, 915 F.2d 959 (5th Cir.1990).

Smith was shortly scheduled for a parole hearing. Prior to his hearing, a pre-hearing assessment was prepared. Additional information concerning a previously dismissed murder charge was requested by the Parole Commission from the U.S. probation officer who had prepared Smith's presentence report. A sworn statement of the Waco, Texas police officer who interviewed Smith regarding the murder was delivered to the probation officer and was forwarded to the Commission on the same day. There is no indication that the police officer's statement was disclosed to Smith prior to this hearing. The reviewer assigned Smith a salient factor score (SFS) of seven and rated his offense behavior as a category eight in severity, because it involved forgery of a U.S. Treasury Check and the sexual assault of a child which resulted in her death. The applicable guideline range was determined to be 120+ months.

Smith's parole panel noted that Smith had readily admitted to his involvement in the forgery offense, but stated that the charge of sexual assault which resulted in the child's death had been dismissed, and he was not involved in this murder. The hearing panel modified Smith's offense behavior because the murder charge was not related to the current offense of forgery. His new offense behavior was category two with a SFS of seven, resulting in a guideline range of 0–10 months. However, the panel did consider the dismissed murder charge as an aggravating factor. Because of two previous charges of assault (of a ten year old girl) and murder (of another ten year old girl), the panel recommended that he continue to have a presumptive parole date after service of forty months. This date would place him thirty months above his guideline range.

After his hearing Smith filed a request for disclosure of the Waco police officer's statement. Smith appealed the Commission's decision to the Regional Commissioner, who found that, because of Smith's history of assaultive behavior, he was a threat to the community and should serve until expiration of the sentence imposed, which would be a total of eighty months. The National Commissioners concurred with the Regional Commissioner's decision. The Commissioners found that Smith presented a more serious risk than indicated by his SFS because of his history of assaultive behavior, specifically the murder of the 10–year–old female.

Smith appealed this decision to the National Appeals Board claiming that he was not given notice that the murder offense would be used at his hearing, and that the decision to exceed the guideline range by seventy months was flagrant, unwarranted, and unauthorized. On January 18, 1989, the National Appeals Board affirmed the previous decision. The Board found that a decision above the guidelines was warranted, and that the reasons given were in compliance with the Code of Federal Regulations.

On January 25, 1990, Smith filed the instant petition for habeas corpus. He as-

serts the Parole Commission's consideration of the dismissed murder charge was erroneous. On March 30, 1990, the Commission ordered that Smith's case be reopened and a special reconsideration hearing be scheduled "to allow proper disclosure of documents and to allow [Smith] the opportunity to fully explain [his] version of the murder charge." On April 16, 1990, Smith "waive[d] parole consideration at this time." On May 17, 1990, the Parole Commission's General Counsel's Office directed Smith's case manager to forward the entire police officer's statement to Smith. According to the government, despite Smith's waiver he "may still take advantage of a parole hearing scheduled at a later date."

The magistrate judge recommended that Smith's habeas petition be dismissed without prejudice for failure to exhaust administrative remedies. Over Smith's objections, the district court adopted the magistrate judge's report and recommendation, and dismissed Smith's habeas petition without prejudice. Smith timely appealed this judgment.

### III.

On appeal, Smith contends that he did exhaust his administrative remedies. He argues that the Commission reopened his case only because he filed this habeas petition. He claims that, had the district court "ordered a new hearing, which would be the normal procedure," he gladly would have attended.

"The exhaustion of administrative remedies doctrine requires not that only administrative remedies selected by the complainant be first exhausted, but instead that all those prescribed administrative remedies which might provide appropriate relief be pursued prior to seeking relief in the federal courts." *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir.1985).

In *United States Ex Rel. D'Agostino v. Keohane*, 877 F.2d 1167, 1173 (3rd Cir. 1989), the Third Circuit considered the precise issue before us today—whether the Parole Commission's grant of a reconsideration hearing "negated the gravamen" of a federal habeas petition. D'Agostino argued that the district court erred in dismissing his habeas petition to allow the Appeals Board to hold a reconsideration hearing. *Id.* The Commission had granted a reconsideration hearing after the habeas petition was filed. The Third Circuit held that the Commission should be allowed to correct its own errors, *Id.* at 1174; and that after a final decision had been rendered the petitioner then could challenge the Commission's decision. The Third Circuit also rejected D'Agostino's argument that the belated grant of rehearing was indicative of bad faith. *Id.* It noted that repeated grants of rehearing might raise such a question but that no such action was before it. *Id.* n. 12.

The Third Circuit's analysis in *D'Agostino* is persuasive. Smith points out that he rejected rehearing so no administrative reconsideration is underway, whereas D'Agostino's administrative reconsideration went forward and was complete before the Third Circuit issued its opinion. *See* 877 F.2d at 1174 n. 11. This distinction makes no difference. Smith is demanding that the federal court order the agency to correct any error rather than permitting the agency to do so on its own. We agree with *D'Agostino* that when the agency has offered to reexamine its decision it should be permitted to do so. Having foregone the immediate rehearing offered by the Commission, Smith cannot obtain the same relief by court order.

Although it is unclear from the record how soon Smith will receive another parole hearing, such a procedure is available to him in the future. The government notes that Smith had been scheduled for an April 1991 hearing. No further reference to such action is now before the court, nor does Smith refer to it in his May 1, 1991, reply brief.

### IV.

The judgment of the district court is AFFIRMED.