996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James WEATHERS, Petitioner-Appellant,
v.
FEDERAL CORRECTIONAL INSTITUTE, ASHLAND, KENTUCKY, Bill
Story, Warden; United States Parole Commission,
Respondents-Appellees.
 No. 93-5208.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1993.
 
 Before: MERRITT, Chief Judge; GUY and BATCHELDER, Circuit Judges.
 
 OPINION
 
 1
 James Weathers, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner was sentenced to twenty years in prison on February 5, 1971, for bank robbery. He has had his parole revoked on three separate occasions. Weathers alleged in his habeas petition that the United States Parole Commission improperly extended his full term release date on his February 5, 1971, sentence from December 4, 1990, to August 19, 1991. A magistrate judge found Weathers's claim frivolous and recommended dismissing the case. Weathers was informed that he had ten days to file objections to the magistrate judge's report in order to preserve his right to appeal. No objections were filed. The district court noted this fact and adopted the magistrate judge's report and dismissed the case.
 
 
 3
 Weathers has filed a timely appeal. In his brief, Weathers makes no mention of his failure to file objections to the magistrate judge's report.
 
 
 4
 Upon review, we conclude that Weathers has waived appellate review of his claims by not objecting to the magistrate judge's report. Failure to file objections to the magistrate judge's report waives a party's right to appeal the district court's judgment. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 5
 Nonetheless, it appears the petition was properly dismissed because a federal prisoner must first exhaust his available remedies before filing a § 2241 habeas petition, Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam), and before seeking judicial review of a ruling of the U.S. Parole Commission. Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991). There is no indication from the record or otherwise that Weathers has made any attempt to exhaust his administrative remedies before filing his § 2241 habeas petition in the district court.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.