7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donnie Earl CARTER, Petitioner-Appellant,
v.
WARDEN, FEDERAL CORRECTIONAL INSTITUTION, ASHLAND; United
States Parole Commission, Respondents-Appellees.
 No. 93-5579.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 Before: MERRITT, Chief Judge; NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Donnie Earl Carter, a pro se federal prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Carter was convicted in 1983 of distributing heroin and was sentenced to eight years' imprisonment. He was paroled on June 24, 1986, but was convicted of new state crimes while on federal parole. Consequently, a parole violator's warrant was issued on February 24, 1987; supplements to the warrant application were prepared June 1 and June 16, 1987. On June 1, 1992, Carter was released from Florida custody to federal authorities pursuant to a federal detainer. His parole has been revoked.
 
 
 3
 In his habeas petition, Carter raised four grounds for relief: (1) the federal detainer lodged against him was effectuated in violation of the requirements of 18 U.S.C. § 4214(2)(b)(1); (2) he was not afforded a parole revocation hearing as guaranteed by 18 U.S.C. § 4213; (3) he was not given credit for "street time" while on parole, allegedly due him pursuant to 18 U.S.C. §§ 4205 and 4210(b); and (4) his Fifth and Fourteenth Amendment rights were violated by the U.S. Parole Board's actions. A magistrate judge issued a report in which he recommended that Carter's petition be dismissed without prejudice for failure to exhaust administrative remedies. Carter filed timely objections, which the district court overruled in its order sua sponte dismissing Carter's petition.
 
 
 4
 On appeal, Carter continues to argue the merits of his grounds for relief. In addition, he asserts that there is no statutory requirement that he exhaust his administrative remedies before filing a habeas petition pursuant to 28 U.S.C. § 2241.
 
 
 5
 Upon review, we affirm the district court's order. Although it is not a statutory requirement, it is well established by case law that federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. See Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir.1992) (per curiam); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991); Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). See also Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991) (federal prisoner must exhaust administrative remedies before seeking judicial review of a ruling of the U.S. Parole Commission). Moreover, the U.S. Parole Commission has specific regulations which also require exhaustion, see 28 C.F.R. § 2.26 (1992), and the U.S. Bureau of Prisons has established procedures whereby a federal prisoner may seek review of a complaint which relates to any aspect of his imprisonment. See 28 C.F.R. § 542.10-.16 (1992).
 
 
 6
 Carter did not exhaust his administrative remedies before filing his § 2241 petition in the district court. Thus, the district court did not err in sua sponte dismissing his petition for lack of exhaustion. Carter has since submitted to this court documents, including a March 25, 1993, decision of the National Appeals Board affirming the U.S. Parole Commission's action, which provide evidence that he has now exhausted his administrative remedies. Carter is thus free to refile his habeas petition, submitting these documents to the district court for its initial consideration.
 
 
 7
 Accordingly, the district court's order, entered on March 9, 1993, is affirmed. However, we note that the dismissal of Carter's petition is without prejudice, as expressly recommended by the magistrate judge in his report and recommendation as adopted by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.