23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Sheikh Mohammed BEY, The Moor, also known as Randy Thornton,
Petitioner-Appellant,
v.
J.B. BOGAN, Respondent-Appellee.
 No. 93-2483.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1994.
 
 1
 Before: GUY and NELSON, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 Sheikh Mohammed Bey, The Moor (hereinafter referred to as Bey), appeals a district court order denying his petition for a writ of habeas corpus, which he filed under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bey is serving a 40-year aggregate term imposed as a result of two convictions in 1977 and in 1978 for bank robbery. Bey was first paroled on September 25, 1984. However, he violated his parole and it was revoked in 1989. He was reparoled in January of 1990, but arrested, again, in June of 1990 for violating that parole. During that time, Bey apparently began to cooperate with local authorities in the St. Louis, Missouri, area to facilitate an on-going investigation of criminal activity within the Moorish Science Temple. A parole revocation hearing was held in August of 1990, at which time the parole examiner refused to consider any evidence concerning the St. Louis investigation and based the decision to revoke Bey's parole on the original charges.
 
 
 4
 The Parole Commission subsequently did conduct further proceedings based on the St. Louis investigation. On May 20, 1992, the Commission continued Bey's parole to a fifteen-year reconsideration hearing in May of 2007. The National Appeals Board upheld this decision.
 
 
 5
 Bey then filed the petition for habeas relief now before this court for review, alleging the following grounds in support of his petition: 1) the evidence used to reopen his parole case was not "new" evidence within the definition provided in 28 U.S.C. Sec. 2.28(f); 2) the evidence used to revoke his parole was obtained while he was under the duress of being coerced by the St. Louis local authorities to admit to certain criminal activities and other allegations that Bey states were never filed as formal charges against him; 3) the U.S. Attorney's Office, the Parole Commission and the St. Louis local police force were acting in "collusion" to deny him his due process rights; and 4) he had a right to a local revocation hearing in the St. Louis area, as opposed to a hearing at the FCI facility in Milan. The petition was referred to a magistrate judge, who recommended that it should be denied. This recommendation was adopted by the district court by order dated October 28, 1993.
 
 
 6
 Sometime after this federal petition was initially filed in district court, the Parole Commission reviewed Bey's case record and decided to order a new revocation hearing for Bey. This supplemental revocation hearing was held on March 5, 1993, at FCI, Milan. Bey was appointed an attorney to represent him at the hearing and the two officials who submitted the reports were present for questioning by the examiner and by Bey's attorney. The result of this hearing was the Commission's notice of action on March 25, 1993, that gave Bey credit for time spent on parole and continuing him to a fifteen-year reconsideration hearing, in June of 2005.
 
 
 7
 On appeal, Bey alleges that his right to due process was denied because of the "collusion" and "pre-trial schemes" arranged among the local St. Louis authorities, the U.S. Attorney's Office and the Parole Commission. Bey also alleges that a former parole supervisor validated his own testimony when he invoked his authority, later, as a parole revocation hearing officer in one of Bey's hearings. Lastly, Bey alleges that he was denied his right to counsel and to a fair hearing by the respondent's act of informing the attorney representing him at the March, 1993, hearing that the revocation hearing would be just a "formality."
 
 
 8
 This court must review a decision by the Parole Commission only to determine whether a rational basis exists for the Commission's conclusions. Kimberlin v. White, 7 F.3d 527, 533 (6th Cir.1993). A federal court does not have the authority to review substantive parole decisions of the Commission, or to review the Commission's findings of fact or credibility determinations. Id.; Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam); Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). In cases involving habeas relief, appellate review of Parole Commission decisions are limited to constitutional or other legal challenges. Lynott v. Story, 929 F.2d 228, 229 n. 1 (6th Cir.1991). This court has also held that a federal prisoner must exhaust all available state remedies before filing a Sec. 2241 suit. Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). See also Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991); Carter v. Warden, No. 93-5579, 1993 WL 413443, at * 1 (6th Cir. October 15, 1993) (unpublished).
 
 
 9
 This court declines to dismiss this case for lack of exhaustion of Bey's administrative remedies. See Granberry v. Greer, 481 U.S. 129, 131 (1987). Turning to the merits, we conclude that Bey presents no grounds in his petition which would require habeas relief. His principal allegations, that the various government agencies conspired and colluded to deny him his due process rights, are unsupported, conclusory statements, which this court has held are insufficient to sustain the burden of establishing a due process violation in habeas proceedings. Lynott, 929 F.2d at 232.
 
 
 10
 Similarly, Bey has not established that his counsel's performance at his revocation hearing was constitutionally deficient or that his counsel's conduct prejudiced Bey's defense so as to have deprived him of a fair hearing. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lynott, 929 F.2d at 232. Lastly, this court may not review the Commission's substantive findings of fact or credibility determinations in regard to the evidence supporting the Commission's decision to revoke and suspend Bey's parole. Kimberlin, 7 F.3d at 533.
 
 
 11
 Accordingly, the district court's order denying this petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gordon J. Quist, U.S. District Judge for the Western District of Michigan, sitting by designation