41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Boyer A. BRACY, Petitioner-Appellant,
v.
Ross A. CREVISTON; et al., Defendants,
Joseph P. Bogan, Respondent-Appellee.
 No. 94-1478.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 Before: BROWN, KENNEDY and SILER, Circuit Judges.
 
 ORDER
 
 1
 Boyer A. Bracy, a pro se federal prisoner, appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bracy has been serving a term of imprisonment since 1985 on a number of charges. Initially, he was found to be in violation of his parole on a fifteen year sentence incurred in 1976 for conspiracy, importation, and possession of controlled substances. Later, a two year consecutive term was added for an escape conviction. Still later, Bracy entered a guilty plea to operating a continuing criminal enterprise, and incurred another consecutive ten year sentence. Since that time, he has been challenging the computation of his sentence through a variety of means, including his direct appeal of the most recent sentence, motions under Fed.R.Crim.P. 35 and 28 U.S.C. Sec. 2255, and a previous petition under 28 U.S.C. Sec. 2241. He filed this complaint, styled as a Bivens/mandamus action, against the records office manager at the Federal Correctional Institution in Milan, Michigan, and his three supervisors in the chain of command within the Bureau of Prisons, alleging that his sentence had been improperly calculated and that he should have been released from imprisonment on June 11, 1992.
 
 
 3
 The district court construed the complaint as a petition under Sec. 2241 and amended the caption to name Bracy's custodian as the respondent. A response was filed, in which it was argued that the petition should be dismissed for failure to exhaust administrative remedies, and because it was successive. An attachment to the response indicated that Bracy's earliest projected release date was June 4, 1997. The matter was referred to a magistrate judge, who recommended that the petition be dismissed as successive and for failure to exhaust administrative remedies. The district court adopted this recommendation.
 
 
 4
 On appeal, Bracy now asserts that he agrees with the respondent's computation of June 4, 1997, as his release date, and asks the court to order the Bureau of Prisons to enforce this computation. The respondent has filed a suggestion of mootness, in which it moves to dismiss the appeal because Bracy has adopted this new argument. The motion explains that the Bureau of Prisons has again recalculated Bracy's sentence and arrived at a new projected release date of December 2, 1998.
 
 
 5
 Upon review, we conclude that the motion to dismiss as moot lacks merit. However, we also conclude that the district court's judgment should be affirmed, as this court need not review arguments which were not raised in the district court, see Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991), nor arguments which have been abandoned on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Moreover, the district court's reasoning in denying this petition was sound. This petition was successive, since it raised the same ground previously addressed, although based on different facts and arguments. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Bracy also has not controverted the respondent's assertion that he has failed to exhaust his administrative remedies within either the Parole Commission or the Bureau of Prisons, as required before seeking federal habeas relief. See Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam).
 
 
 7
 Accordingly, the motion to dismiss is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.