52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 David WILSON, Petitioner-Appellant,
v.
James BOWLEN, Respondent-Appellee.
 No. 94-6398.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: KEITH and MARTIN, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 David Wilson, pro se, appeals a district court order construing Wilson's motion to vacate his sentence as a petition for habeas relief pursuant to 28 U.S.C. Sec. 2241 and dismissing the petition as meritless. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In July of 1978, Wilson pleaded guilty to one count of conspiracy and to two counts of interstate transportation of a stolen motor vehicle in violation of federal law. He was sentenced to two four-year sentences on two of these counts and two years of probation on the third count. The judgment and sentence were entered on July 18, 1978, in the Western District of Tennessee. At that time, Wilson was serving a state sentence in the Tennessee State Penitentiary. After his state sentence expired, Wilson was not taken into federal custody; rather, the state continued to hold him on other state charges. Wilson has remained in state custody until the present time, and is now serving a 36-year sentence for kidnapping.
 
 
 4
 On May 12, 1982, in the Western District of Tennessee, Wilson filed a petition for a writ of habeas corpus, seeking to have his federal sentence amended to run concurrently with the state sentence. The district court denied that petition. Wilson then filed a motion to vacate his federal sentence pursuant to 28 U.S.C. Sec. 2255. The court in the Western District of Tennessee dismissed the motion for failure to file the proper Sec. 2241 petition; for filing in the wrong forum; and for the reason that the petition was, nevertheless, utterly frivolous and not meriting a transfer to the correct forum. Wilson v. Bowlen, No. 94-1116 (W.D.Tenn. June 22, 1994).
 
 
 5
 On August 29, 1994, Wilson filed a Sec. 2255 motion in the Eastern District of Tennessee, based upon the same grounds presented in his prior motion filed in the Western District. The Eastern District directed transfer of this second motion to the Western District. Upon consideration, the Western District Court again concluded that Sec. 2241 rather than Sec. 2255 applied to Wilson's action. The district court recognized that Wilson had properly filed his petition in the Eastern District of Tennessee, because it was actually a Sec. 2241 petition rather than a Sec. 2255 motion. However, the district court further found that it had previously addressed each of the arguments Wilson presented in this second action, in its prior order dismissing district court Case No. 94-1116. Relying on its reasoning in that prior decision, the district court concluded that Wilson's arguments were without merit, and that Wilson was not entitled to relief under either Sec. 2255 or Sec. 2241. Thus, the court dismissed the petition and certified the matter as frivolous pursuant to 28 U.S.C. Sec. 1915(a).
 
 
 6
 On appeal, Wilson continues to argue the merits of his claim that his federal sentence should be amended to show that he began serving that sentence on October 21, 1992, when the first of his state sentences expired. Wilson also claims that he is not required to exhaust his administrative remedies, because, under 29 C.F.R. Sec. 542.10, the administrative procedures do not apply to inmates confined in "non-federal facilities." The respondents have filed a motion to strike from the petitioner's appellate brief a document designated as Exhibit 1. As an initial matter, this court must grant the Motion to Strike, as this document was never made part of the record in district court. Fed.R.App.P. 10.
 
 
 7
 The district court properly construed Wilson's "motion" as a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241, because Wilson is actually attacking the sentencing credit that he alleges has not been given toward his federal sentence, rather than the validity of the sentence, itself. United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991); Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977). Secondly, a person who has violated criminal statutes of both the federal and state governments may not complain of the order in which he is tried or punished for such offenses. United States v. Dovalina, 711 F.2d 737, 739 (5th Cir.1983); see also Jeter v. Keohane, 739 F.2d 257, 258 (7th Cir.1984) (per curiam).
 
 
 8
 Third, the district court properly determined Wilson had failed to exhaust his administrative remedies before bringing this habeas petition, as required before federal courts may grant relief under this statute. Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991); Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). There is no merit to Wilson's argument that the regulations requiring exhaustion of remedies do not apply to him because he is currently being incarcerated in a "non-federal" facility. See Peyton v. Rowe, 391 U.S. 54, 55 (1968). Thus, the district court properly relied on its rationale set forth in its order dismissing district court Case No. 94-1116 to find that the grounds Wilson now presents in support of his current petition are, likewise, without merit.
 
 
 9
 Accordingly, the respondents' Motion to Strike is granted, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation