67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry J. COLLINS, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 95-5572.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1995.
 
 1
 Before: SILER and DAUGHTREY, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Larry J. Collins, a pro se state prisoner, appeals a district court order dismissing his petition for habeas relief filed pursuant to 28 U.S.C. Sec. 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1981, Collins was sentenced to eighteen years of imprisonment for federal armed bank robbery. On August 19, 1993, Collins was released on parole until the expiration of his federal sentence. Collins was arrested on October 3, 1993, for murder. As Collins was attempting to escape from the murder scene, he was observed throwing away a gun. In addition to the murder charge, Collins was charged with aggravated assault for an incident that occurred on September 30, 1993.
 
 
 4
 Collins's probation officer was notified of Collins's arrest on October 6, 1993. The United States Parole Commission issued a warrant for Collins's arrest on October 7, 1993, which was filed as a detainer with state officials. A preliminary interview pursuant to 18 U.S.C. Sec. 4214(a)(1)(A) was scheduled for December 19, 1994, after which time a decision would be made as to whether a revocation hearing would be conducted. The preliminary interview concerned only Collins's alleged possession of a firearm as the murder and assault charges were held in abeyance pending final resolution of the state proceedings.
 
 
 5
 Collins filed a habeas petition pursuant to Sec. 2241 contending that: 1) the Commission did not properly issue the warrant by failing to personally serve Collins; 2) the Commission did not have the authority to issue the warrant as the warrant was not issued as soon as practicable after Collins's arrest; and 3) Collins's due process rights were denied because he did not receive a timely revocation hearing. The district court dismissed the petition as meritless.
 
 
 6
 In his timely appeal, Collins argues that his parole revocation hearing was untimely, that he was not provided a hearing on his habeas petition, and that his appointed counsel did not properly represent him before the district court. Collins moved for the appointment of counsel.
 
 
 7
 This court reviews the dismissal of a Sec. 2241 petition de novo. See Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990).
 
 
 8
 Collins argues that he was held in state custody for over fourteen months before he received a parole revocation hearing. However, the Commission may await the outcome of pending state charges before conducting a final parole hearing. See 28 C.F.R. Sec. 2.44(b); Inmates' Councilmate Voice v. Rogers, 541 F.2d 633, 635 (6th Cir.1976) (per curiam). Further, judicial review of a Commission decision may occur only after exhaustion of available administrative remedies. Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991). There is no evidence in the record that Collins made any attempt to exhaust his available administrative remedies. Finally, we conclude that Collins's remaining arguments are without merit.
 
 
 9
 Accordingly, we deny the request for appointed counsel and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation