IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41115
Conference Calendar

_____

DALE N. SMITH,

                                        Petitioner-Appellant,

versus

R.E. HOLT, WARDEN; BUREAU OF PRISONS;
UNITED STATES PAROLE COMMISSION; US GOVERNMENT,

                                        Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1489
- - - - - - - - - -

June 17, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Dale Noel Smith, federal inmate # 90045-132, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for failure to exhaust administrative remedies. Smith moves for leave to supplement his brief on appeal and for an expedited ruling on his appeal. The motions are DENIED.

Federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review the dismissal of a § 2241 petition for failure to exhaust for an abuse of discretion.  *Id.*

Smith contends that he exhausted his administrative remedies and that he should not be held responsible for Respondents' failure to follow the proper procedure.  The doctrine of exhaustion of administrative remedies requires a prisoner to pursue all "prescribed administrative remedies which might provide appropriate relief . . . prior to seeking relief in the federal courts."  *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991)(internal quotation and citation omitted).  The record shows that Smith did not complete the administrative appeals procedure.  The district court did not abuse its discretion by dismissing Smith's petition.  Accordingly, the district court's judgment is AFFIRMED.